UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**FILED**
NOV 04 2022
At _____
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

MARK A. GILL, )
    Plaintiff, )
vs. )
)
)
THE CITY OF HAMMOND, )
a political subdivision of the State )
of Indiana, )
Mayor: THOMAS M. McDERMOTT Jr )
THE HAMMOND POLICE Dpt., )
Chief of Police JOHN D. DOUGHTY )
Responding Officers, Unit: )
SHEET JA    HA3P5 )
RIORDAN J    HAH56 )
SARLEA J    HA3P10 )
HOWARD K    HA3P6 )
COOK E    HAK2 )
SCHMIDT M    HAA4 )
HEDGEPATH B    HAA2 )
WOODS JO    HAK4 )
HARGROVE T    HA3S14 )
MCGING G    HAA7 )
HORNYAK DA    HAA12 )
JAJOWKA S    HAD25 )
    Defendants,

2:22cv327

    Comes now the Plaintiff, Mark A. Gill, as a prose litigant for his cause of action against the City of Hammond In, and its servants The Hammond Police Department. Each of these individuals from the Mayor of the City and his officers in law enforcement are being sued in their individual capacity and under the color of State law. For damages within their jurisdictions and venues of public servants.

1. This action derives from the Constitution of the United states, particularly the First, Fourth, Fifth and Fourteenth Amendments of the Constitution of The United States, under certain statutory and constitutional provisions of the State of Indiana, and under the laws of the United States, particularly, the Civil District Rights Act, 42 U.S.C 1983.
2. Jurisdiction is based upon 28 U.S.C. 1331, 1343 and 1367.
3. Venue is placed in this District because it is where all of the parties either reside or work for the City of Hammond, and because the events

complained of occurred in this District of Indiana, Rights Act, 42 U.S.C 1983.

## PARTIES

4. Plaintiff Mark A. Gill who is a senior adult and handicapped was victimized in the confines of his residence by another resident namely Travis Walker, who assaulted Mark A. Gill while under the influences of possibly drugs and or alcoholic beverages. This incident occurred on 3/3/2020. Whereupon no arrest was made upon Travis Walker who had admitted he committed an assault on Mark A. Gill, but, instead Mark A. Gill was arrested because of a false statement and accusation that he Travis Walker, had claimed to have been shot by Mark A. Gill. No gun was recovered, nor did the police make an assessment as to whether or not Travis Walker was under the influence of drugs or alcohol and may have been deliberately lying to conceal these facts from the police. Especially since his behavior alone was suspicious and hyped up as a distraction for the police not to acknowledge he had confessed to physically abusing and assaulting Mark A. Gill who is currently handicapped.

5. The City of Hammond is a legally constituted political subdivision of the State of Indiana located in Lake County which operates a city department known as the Hammond Police Department and which operates a jail as the Hammond City Jail. Whereupon they wrongfully arrested and mishandled a crippled senior man by throwing him into the back seat of a Hammond Police car. Where normally someone in his medical condition is transported in a ambulance to insure their safety.

6. But, because it was Mark A. Gill he was handled in a manner in which a physically healthier man probably would have been handled.

7. The Hammond Police are not properly trained in handling the elderly nor handicapped individuals during their arresting procedures.

8. The First response Team in this complaint is relevant to this Complaint because of their duly appointed and acting police officers of the City of Hammond Police Department, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, practices and usages of the State of Indiana, the City of Hammond and the City of Hammond Police Department.

The defendant duly appointed Chief John D. Doughty was at all material times relevant to this Complaint a duly appointed and acting police officer of the City of Hammond Police Department, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, practices and usages of the State of Indiana, the City of

Hammond and the City of Hammond Police Department. Therefore, he had complete authority over the procedures and lack of proper handling of his officers under his command.

## COUNT I-42 U.S.C./1983
## UNREASONABLE AND UNLAWFUL ARREST AND DETENTION

**9.** Each paragraph of the Complaint is incorporated herein.
**10.** As described more fully above, the Defendants falsely seized, arrested and unlawfully detained Plaintiff without legal justification and without probable cause. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference.
The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff's handicapped
**11.** Constitutional rights as guaranteed him by the Fourth and Fourteenth Amendments to the United States Constitution, Article I, Section 11 of the Indiana Constitution, and certain Indiana Statutory Rights / For the Handicapped.
**12.** As a result of the unjustified violation of the Plaintiff's rights by the individual Defendants, undertake pursuant to the City of Hammond policies and practices described above, Plaintiff has suffered pain and injury, monetary damages, emotional distress, and other damages.

## COUNT II-42 U.S.C. /1983
## UNREASONABLE SEARCH AND SEIZURE OF PROPERTY

**13.** As described more fully above, the Plaintiff Mark A. Gill was seized, searched, and tampered with by the Defendants in a manner which violated the Fourth, Fourteenth Amendment, specifically, with no warrant or lawful justification other than the word of a known "CRACKHEAD" who is well known by the Hammond Police Department.

**14.** The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff's Constitutional rights as guaranteed him by the Fourth and Fourteenth Amendments to the United States Constitution, Article I, section 11 of the Indiana Constitution, and certain Indiana statutory rights.

**15.** As a result of the unjustified violation of Plaintiffs rights by the Defendants, as well as the City of Hammond policy and practice, Plaintiff Mark A. Gill has suffered pain and injury, monetary damages, emotional distress, and other injuries.

## COUNT III- STATE LAW CLAIM
## MALICIOUS PROSECUTION/ABUSE OF PROCESS

**16.** Each paragraph of the Complaint is incorporated herein.

17. Defendant police officer John Doe 1, Acquiesced in the arrest of the Plaintiff Mark A. Gill merely based on rants from a ravenous (Hype) who had just recently gotten high, and threw a panic attack on the Plaintiff Mark A. Gill, beating, kicking and stomping him upon his own admission to the Hammond Police. Upon their investigation of a shooting incident they should have been able to tell that he was apparently high off of something, because he's refusing medical assistance, as well as claiming the Plaintiff Mark A. Gill shot him after he beat the Plaintiff up. Knowing that he's on parole and confessing to an assault charge. However, the Hammond Police chose to arrest the Plaintiff with no real probable cause other than the word of a Crackhead. Who now has Field a False Police report mainly because he was high off a synthetic drug. Therefore, being a bit over zealous because of who the Hype was telling them who had supposedly shot him, the Plaintiff Mark A. Gill they abused their authority and arrested an innocent senior victim who had just been assaulted. Because of the improper training of the Hammond Police Department and their officers in the field, they're costing the Tax payers dollars, whenever they allow someone to file a false Police report. Every John Doe Police officer who came on the scene, should have known the proper procedures for making an arrest, and the person claiming to be the victim was actually manipulating the Hammond Police to his advantage in order to mask the severity of his own criminal behavior. Making the false report was like adding insult to the injuries he had just inflicted upon the Plaintiff Mark A. Gill. Once again coaxing the untrained Hammond Police into making another faulty arrest.

## COUNT IV – 42 U.S.C. /1983
## UNREASONABLE SEARCH AND SEIZURE OF PERSON

18. As previously stated above, the individual Defendants seized and searched the Plaintiff Mark A. Gill for no purpose other than what had been maliciously conveyed to them claimed by culprit Travis Walker.

19. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of the Plaintiff Mark A. Gill .

20. The misconduct described in this Count was also undertaken under the policy and practice of the Hammond Police Department in the manner described above.

21. As a result of this misconduct, Plaintiff suffered pain and injury, monetary damages, plus suffered mental and emotional damages, and emotional distress, and other discomforts causing damages.

## COUNT V – 42 U.S.C. /1983
## FIFTH and FOURTEENTH AMENDMENTS

22. Each paragraph of this Complaint is incorporated herein.
23. At all times relevant to this Complaint, Defendants City of Hammond inadequately supervised and trained its police officers and jail employees by the Defendant John D. Doughty, the Chief of the Hammond Police Department amounted to policies and customs exhibiting deliberate or conscious indifference to the constitutional rights of persons who may be seniors, elderly and or handicapped or mentally challenged at the time of their arrest. While protecting their rights under the Fourth, Fifth and Fourteenth Amendments, and certain Indiana statutory rights.
24. As a direct and proximate result of the above described policies and customs, police officers and jail employees of the Defendant City of Hammond believed that their actions would not be monitored properly by supervisory officers and that misconduct or dereliction of duty would not be investigated or sanctioned, but instead be tolerated.
25. Defendant Police Officer Sheets JA handled the processing of the Plaintiff Mark A. Gills disposition. Therefore, reporting the final decision to her superior officer to charge the Plaintiff Mark A. Gill with a charge of Assault with a Firearm, where there was never a firearm confiscated from the Plaintiff, nor was there ever any test for gunpowder resolution performed on the Plaintiff Mark A. Gill to substantiate that erroneous charge, therefore, violating Constitutional rights of the Plaintiff.
26. The Hammond Police chain of command of checks and balances were compromised in order to illegally further detain the Plaintiff Mark A. Gill based upon poorly executed standard operating procedures, which should have put their superiors on notice, that Hammond Police Department officers and/or employees were not following the requirements placed upon them and as such should have been more cautious because they were handling a injured victim who was also handicapped. Where none of the Hammond Police were properly trained in handling a delicate situation. Which required additional training and or supervision in order to protect the health and well being of the Plaintiff rights afforded to him by the Constitutional rights.
27. The Acts and or omissions of Defendants of the City of Hammond were an actual total disregard for the safety of the Plaintiff Mark A. Gill's well being. By being too anxious to arrest and charge him with an offense that would surely be a death sentence to him under the circumstances considering he's an ex-felon being charged with a serious offense.

## COUNT VI -42 U.S.C./1983
## FAILURE TO INTERVENE

28. Each paragraph of this Complaint is incorporated herein.

29. As described more fully above, one or more John Doe individuals of the Hammond Police Department had reasonable opportunity to prevent the violation of Plaintiff Mark A. Gill's Constitutional rights as set forth above, had they been so inclined, but failed to do so. As a result of the individual Defendant's failure to intervene, undertaken pursuant to the City of Hammond policies and practices described above, Plaintiff Mark A. Gill has suffered pain and injury, emotional distress, and other psychological injuries.

## COUNT VII – 42 U.S.C./1983
## FIRST AMENDMENT

30. Each paragraph of this Complaint is incorporated herein.
31. As described more fully above, one or more John Doe individual Hammond Police officers prevented Mark A. Gill the exercise of protected speech which violated the First Amendment and Plaintiff's Constitutional rights to engage in protected speech.
32. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's rights.
33. The misconduct described in this count was undertaken under the policy and practice of the Hammond Police Department uncivil standard operating procedures, failing to protect the rights of disabled suspects, and or the elderly and handicapped suspects.
34. As a result of this sort of lack of training and unprofessional mannerism and misconduct perpetuated by John Does of the Hammond Police Department the Plaintiff Mark A. Gill suffered pain and injury due to preexisting injuries inflicted upon him by the Hammond Police Department, once again violating his constitutional rights, to be able to express his concerns for his arrest, and the proper handling of an already recently injured handicapped person. This violated his First Amendment right to protective speech, causing unnecessary psychological trauma.

## COUNT VIII - 42 U.S.C. /1983
## FOURTEENTH AMENDMENT EQUAL PROTECTION

35. Each paragraph of this Complaint is incorporated herein.

36. Mark A. Gill Plaintiff is obviously of African American descent.
37. All of the above Defendants from the Hammond Police Department were as usual all Caucasians.
38. One John Doe Officer of the Hammond Police Department brandished his weapon on an unarmed handicapped suspect, whom they all could see was unarmed. This had to have been a traumatic experience for the Plaintiff due to the fact it was a former Hammond Police officer who had shot the Plaintiff putting him in his state of condition years ago.
39. All of the above named Defendants of the Hammond Police Department including officer John Doe, violated the Plaintiff's Constitutional rights as described above, acted to deny and deprive Plaintiff equal protection of laws because of Plaintiffs race and past criminal background, as a minority group.
40. As a result of this misconduct, Plaintiff Mark A. Gill suffered pain and injury from inhumane cruel and unusual punishment by the actions of the Hammond Police Department.

## COUNT IX – STATE LAW CLAIM
## INTENTIONAL INFLICTION OF EMOTINAL DISTRESS

41 .Each paragraph of this Complaint is incorporated herein.
42. The wrongful actions of the Defendants constituted extreme and outrageous conduct that intentionally or recklessly caused severe emotional distress to the Plaintiff, thereby constituting the intentional infliction of emotional distress under the laws of the State of Indiana.

## COUNT X – STATE LAW CLAIM
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

43. Each paragraph of this Complaint is incorporated herein.
44. The wrongful actions of the Defendants constituted negligence that resulted in a direct and physical impact and injury upon the Plaintiff Mark A. Gill, from which he suffered a serious emotional trauma, thereby constituting the negligent infliction of emotional distress under the laws of the State of Indiana.
45. The defendant's knowingly and intentionally mishandled the Plaintiff Mark A. Gill due to his handicap causing him to be detained under inhumane conditions in the Lake County Jail, knowing that this sort of atmosphere would be extremely uncomfortable for the Plaintiff due to his disabilities and handicap, and the Defendant's knew or should have known that this facility wasn't equipped to

handle such a special needs handicapped person. Nor was the personal properly trained or equipped to handle the special needs of the Plaintiff, thereby constituting the negligent infliction of emotional distress causing the Plaintiff Mark A. Gill to entertain thoughts of suicide, thereby once again inflicting severe emotional distress under the laws of the State of Indiana.

## COUNT XI – STATE LAW CLAIM
## SLANDER

**46.** Each paragraph of this Complaint is incorporated herein.

**47.** The wrongful actions of the Defendants committed negligence in their communications with the media and NWI News in Indiana, with fraudulent information about the Defendants reasons for arresting the Plaintiff Mark A. Gill. Defendant SHEETS JA in her professional professional and personal capacity is responsible for processing and or conveying this False information to the Lake County Jail to assume custody of the Plaintiff.

**48.** This communication by Defendant Sheets report was of a kind that tends to lower a person's reputation in the communication and or tends to discourage others from dealing or associating with a person's reputation in the community. This is what was done to the Plaintiff.

**49.** The report written statement by the Defendant JA Sheets on 3/03/20 AFRM Assault with a Firearm, filed against the Plaintiff Mark A. Gill was falsely made and should have been known by her, if she didn't know, then she should have known the statement to be false, then she negligently failed to determine the truth of the communication, to insure not to violate the Plaintiffs Constitutional rights.

## COUNT XII – STATE LAW CLAIM
## ASSAULT AND BATTERY

**50.** Each paragraph of this complaint is incorporated herein.

**51.** As described in the preceding paragraphs, the Plaintiff Mark A. Gill had been accused of assault and battery, when in all actuality he the Plaintiff had been nearly brutally beaten by the 911 caller Travis Walker. However, the first police officers on the scene of the incident Defendants of the Hammond Police Department, acting under the color of law and within the scope of their employment, constituted unjustified and offensive physical contact undertaken willfully and wantonly, probably causing further injuries to the Plaintiff already inflicted injuries.

**52.** This misconduct described in this count was undertaken with malice, willfulness, and reckless indifference of the rights of

Plaintiff Mark A. Gill.

## COUNT XIII – STATE LAW CLAIM
## FALSE IMPRISONMENT

**53.** Each paragraph of this Complaint is incorporated herein.

**54.** Mark A. Gill was arrested and imprisoned without consent, and thereby had his liberty to move about unlawfully restricted and restrained, despite the individual Defendants' knowledge that there was no probable cause for doing so.

## COUNT XV - STATE LAW CLAIM
## COMPENSATION OF CRIME VICTIM

**55.** Each paragraph of this complaint is incorporated herein.

**56.** Pursuant to Indiana Code 34-24-3-1, Plaintiff Mark A. Gill is entitled to recover an amount equal to three times his actual damages, the cost of this action for medical and reasonable attorney fees.

## COUNT XVI – STATE LAW CLAIM
## RESPONDEAT SUPERIOR

**57.** Each paragraph of this Complaint is incorporated herein.

**58.** In committing the acts alleged in the preceding paragraphs, the individual Defendants were members and agents of the City of Hammond and/or the City of Hammond Police Department acting at all relevant times within the scope of their employment.

**59.** Defendant City of Hammond is liable as principle for all torts committed by its agents.

## COUNT XVII – STATE LAW CLAIM
## INDEMNIFICATION

**60.** Each paragraph of this Complaint is incorporated herein.

**61.** In Indiana, public entities are directed to pay judgments of civil rights violations to which present or former public employees are liable, including such civil rights violations as described in this Complaint, all pursuant to I.C.34-13-4-1

**62.** Defendants John D. Doroughty, officer Sheets JA, Riordan J, Sarlea J, Howard K, Cook E. Schmidt M, Hedgepath B, Woods JO, Hargrove T, McGing G, Hornyak DA, Jajowka S, along with officer John Doe 1 John Doe 2 etc, and all other John Doe Officers included above, all employees are, or were employees of the City of

Hammond and acted willfully, wantonly and within the scope of their employment in committing the acts and omissions described herein.

## DAMAGES

**63.** Each paragraph of this Complaint is incorporated herin.

**64.** As a direct and proximate result of the acts and/or omissions of Defendants as stated above, Plaintiff Mark A. Gill suffered injuries and damages, including but not limited to the following:

   **(a)** Violation of his First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

   **(b)** Physical pain and suffering, bodily injury, denial of medications, improper handling of a handicapped person, elderly abuse, causing great bodily harm with vomiting and convulsions because of not being given his medication for days, while being detained in captivity for (10) calendar days because the Hammond Police done an improper investigation on the scene. Therefore, making a false arrest on the Plaintiff, causing extreme emotional trauma and suffering;

   **(c)** Loss of reputation and standing in the community;
   **(d)** Violation of his constitutional rights under Article 1,/9 and 11 of the Indiana Constitution to engage in freedom of speech and to be free from unreasonable search and seizure of his person;
   **(e)** Attorney fees for the defense of the criminal case charged against him in Lake County Jail, which was ultimately dismissed by the prosecutor's because of a lack of evidence, and a false statement provided by the Hammond Police Department.

   WHEREFORE, Plaintiff Mark A. Gill, as a prose, litigant seeks compensatory damages against Defendants in an amount he deems fair and reasonable under the circumstances; he's suing each (14) defendants in the dollar amount of fifteen thousand dollars a piece $15,000,oo x 14 defendant's would be $210,000.oo Two Hundred & Ten Thousand dollars x (10) days of False Imprisonment would come to $2.100,000,00 Two Million One Hundred Thousand dollars, three times the amount would come to $6.300,000.oo Six Million Three Hundred Thousand Dollars, collectively for their participation or lack of participation in securing his ADA rights as a Handicapped victim's rights should be protected under Indianan Laws of Disabilities Act . Plaintiff seeks punitive damages against Defendants in their individual capacity each in the

amount of $15,000,00 fifteen thousand dollars this amount is necessary to deter similar actions by other similarly situated defendants; for attorney fees pursuant to 42 U.S.C. / 1988; for attorney fees pursuant to statute; for the cost of this action; and for such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38 (b) on all issues so triable.

Respectfully submitted,

Mark A. Gill   prose, litigant
1128   Moss St.
Hammond, Indiana 46320
219-427-4034