UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARK A. GILL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF HAMMOND, a political subdivision of the State of Indiana;<br>Mayor THOMAS M. MCDERMOTT, Jr.;<br>THE HAMMOND POLICE Dpt.;<br>Chief of Police JOHN D. DOUGHTY;<br>Responding Officers, Unit:<br>SHEET JA HA3P5<br>RIORDAN J HAH56<br>SARLEA J HA3P10<br>HOWARD K HA3P6<br>COOK E HAK2<br>SCHMIDT M HAA4<br>HEDGEPATH B HAA2<br>WOODS JO HAK4<br>HARGROVE T JA3S14<br>MCGING G HAA7<br>HORNYAK DA HAA12<br>JAJOWKA S HAD25,<br><br>　　　　　Defendants. | CAUSE NO.: 2:22-CV-327-TLS-JPK |

**OPINION AND ORDER**

　　This matter is before the Court on a Motion to Dismiss [ECF No. 13] filed by the Defendants on December 27, 2022. The Plaintiff filed responses [ECF Nos. 16, 18, 19, 32], on January 19, February 23,[1] and June 7, 2023. The Defendants filed a reply [ECF No. 17] on January 26, 2023; the Defendants also filed a Motion to Strike the Plaintiff's Filings Served on February 23, 2023 [ECF No. 20], requesting that the Court strike the Plaintiff's second and third responses [ECF Nos. 18, 19]. Because the Plaintiff's § 1983 claims are barred by the statute of

---

[1] The Plaintiff filed two responses, docketed as ECF Nos. 18 and 19, on February 23, 2023.

limitations, the Court dismisses the federal claims with prejudice and relinquishes its supplemental jurisdiction over the state law claims. Also, the Court denies the Motion to Strike as moot.

## BACKGROUND

On November 4, 2022, the Plaintiff Mark A. Gill filed a pro se Complaint [ECF No. 1] against the City of Hammond, Mayor Thomas M. McDermott, Jr., the Hammond Police Department, Chief of Police John D. Doughty, and Responding Officers: JA Sheet (HA3P5), J Riordan (HAH56), J Sarlea (HA3P10), K Howard (HA3P6), E Cook (HAK2), M Schmidt (HAA4), B Hedgepath (HAA2), Jo Woods (HAK4), T Hargrove (JA3S14), G McGing (HAA7), DA Hornyak (HAA12), and S Jajowka (HAD25), alleging the following facts.

The Plaintiff is a senior and handicapped adult. Compl. ¶ 4, ECF No. 1. On March 3, 2020,[2] he was assaulted at his residence by another resident, Travis Walker. *Id*. Although Walker assaulted the Plaintiff, the Plaintiff was arrested based on a false statement and accusation by Walker that the Plaintiff shot him. *Id*. The police did not recover a gun or assess whether Walker was under the influence of drugs or alcohol. *Id*. As a result, the Hammond Police Department wrongfully arrested and mishandled the Plaintiff by throwing him into the back seat of a Hammond Police car instead of an ambulance. *Id*. ¶ 5. After his arrest, the Plaintiff spent ten days in the Lake County Jail. *Id*. ¶ 64(b). He seeks compensatory damages, punitive damages, and attorney fees for the defense of the criminal case charged against him. *Id*.  ¶ 64.

The Plaintiff brings Counts I, II, IV, V, VI, VII, and VIII of his Complaint under 42 U.S.C. § 1983. Count I is a claim for "unreasonable and unlawful arrest and detention" due to the Defendants' false seizure, arrest, and unlawful detention of the Plaintiff without legal justification and without probable cause. *Id*. ¶ 10.

---

[2] Although the Defendants contend in their motion to dismiss that the Plaintiff alleges the incident at issue took place on March 23, 2020, the Complaint lists the date of the incident as "3/3/2020" or March 3, 2020.

Count II is a claim for "unreasonable search and seizure of property." *Id*. ¶ 13. Under this claim, the Plaintiff alleges that the Defendants seized, searched, and tampered with him without a warrant or lawful justification. *Id*.

Count IV is a claim for "unreasonable search and seizure of a person" based on the Defendants search and seizure of the Plaintiff for "no purpose other than what had been maliciously conveyed to them by culprit Travis Walker." *Id*. ¶ 18.

Count V is a claim for violations of the Fifth and Fourteenth Amendment based on the Defendant City of Hammond's inadequate supervision and training of its police officers and jail employees. *Id*. ¶ 23. The claim is based on "deliberate or conscious indifference to the constitutional rights of persons who may be seniors, elderly and or handicapped or mentally challenged at the time of their arrest." *Id*. The Plaintiff alleges that the final decision to charge him with assault with a firearm—when no firearm was confiscated, and when there was no test for gunpowder resolution performed—violated his constitutional rights. *Id*. ¶ 25. The Plaintiff alleges that the "Hammond Police chain of command of checks and balanced were compromised in order to illegally further detain [him]" misconduct and was "based upon poorly executed standard operating procedures" of the Hammond Police Department. *Id*. ¶ 26. He alleges the "Hammond Police Department officers and/or employees were not following the requirements placed upon them and should have been more cautious because they were handling a[n] injured victim who was also handicapped." *Id*. And, he alleges that "none of the Hammond Police were properly trained in handling a delicate situation." *Id*. The Plaintiff alleges that, to protect the health and well-being of the Plaintiff and the rights afforded to him by the Constitution, additional training and supervision was required. *Id*. Also, the Plaintiff alleges that the Defendants acts or omissions "were an actual total disregard for the safety of the Plaintiff." *Id*. ¶ 27.

Count VI is a claim based on the failure of members of the Hammond Police Department to intervene and prevent the violation of the Plaintiff's constitutional rights. *Id*. ¶ 29.

Count VII is a claim for violation of the First Amendment due to "one or more John Doe individual Hammond Police officers prevent[ing] [the Plaintiff] [from] the exercise of protected speech," *id*. ¶ 31, and mishandling an already recently injured handicapped person, *id*. ¶ 34.

Count VIII is a claim for violation of the Equal Protection clause of the Fourteenth Amendment because an officer of the Hammond Police Department brandished his weapon, and the Plaintiff was unarmed and "obviously of African American descent.". *Id*. ¶¶ 36, 38.

Additionally, the Plaintiff alleges the following state law claims: malicious prosecution/abuse of process (Count III), intentional infliction of emotional distress (Count IX), negligent infliction of emotional distress (Count X), slander (Count XI), assault and battery (Count XII), false imprisonment (Count XIII), compensation of crime victim (Count XV), respondeat superior (Count XVI), and indemnification (Count XVII).

Further, in the Plaintiff's first two claims brought under § 1983, he makes reference to the Indiana Constitution and Indiana statutory rights. Count I claims violations of "Article I, Section 11 of the Indiana Constitution, and certain Indiana Statutory Rights/For the Handicapped." *Id*. ¶ 11. Count II claims violation of "Article I, Section 11 of the Indiana Constitution, and certain Indiana Statutory Rights." *Id*. ¶ 14. And, Count V claims violation of "certain Indiana statutory rights." *Id*. ¶ 23.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d

4

736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

The Defendants' Motion to Dismiss asserts several bases for dismissal. The Court need not address each basis, as the Defendants' argument that the Plaintiff cannot bring claims under § 1983 due to the statute of limitations is sufficient to warrant dismissal. Having concluded that the Plaintiff's federal claims warrant dismissal, the Court relinquishes its supplemental jurisdiction over the remaining state law claims.

**A.      The Plaintiff's § 1983 Claims**

*1.      Statute of Limitations*

The Defendants seek dismissal of the Plaintiff's claims as barred by the statute of limitations. The Seventh Circuit Court of Appeals has recognized that a motion to dismiss based on the statute of limitations defense qualifies as a motion to dismiss for failure to state a claim. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005)). Thus, if the factual allegations of the complaint establish that the suit is time-barred, a plaintiff may plead himself out of court. *See Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

When determining the statute of limitations for claims brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations for constitutional and personal injury claims. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In Indiana, the applicable statute

of limitations period is two years. *Id.*; Ind. Code § 34-11-2-4(a). Although state law supplies the tolling rules, the accrual of § 1983 claims is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual of § 1983 claims occurs "when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief." *Id.* (cleaned up). In other words, "a personal injury claim raised under § 1983 accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019) (quoting *Serino v. Hensley*, 735 F.3d 888, 591 (7th Cir. 2013)).

Counts II and IV allege that the Plaintiff was subjected to unreasonable searches and seizures of property (Count II) and his person (Count IV). "[A] Fourth Amendment claim accrues at the time of the search or seizure." *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016). Here, the Complaint alleges that the searches and seizures occurred on the date of the Plaintiff's arrest—March 3, 2020. However, the Plaintiff did not file this lawsuit until November 4, 2022, approximately eight months after the statute of limitations had expired on March 3, 2022. Therefore, the Plaintiff's Count II and Count IV "search and seizure" claims are barred by the statute of limitations.[3]

Count I alleges that the Plaintiff was subjected to an unreasonable and unlawful arrest and detention. "A claim for false arrest or false imprisonment accrues once the plaintiff is detained (or released) as a result of a lawful process." *Regains*, 918 F.3d at 533 (citing *Wallace*, 549 U.S. at 390–391). The false imprisonment ends, and accrual occurs "when . . . [the arrestee]

---

[3] To the extent that the Plaintiff alleges that police officers threw him into the back seat of a Hammond Police car on March 3, 2020, a Fourth Amendment claim based on that injury would also be barred by limitations. *See Evans v. Poskon,* 603 F.3d 362, 363 (7th Cir. 2010) ("[A] claim asserting that a search or seizure violated the fourth amendment—and excessive force during an arrest is such a claim—accrues immediately." (cleaned up)).

6

is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389. Here, the Plaintiff does not allege in the Complaint the exact date that he was detained pursuant to lawful process. However, the Plaintiff alleges that following his arrest on March 3, 2020, he was detained in the Lake County jail for ten days,[4] which places his claims outside the statute of limitations. Thus, the "unreasonable and unlawful arrest and detention" claims in Count I are barred by the statute of limitations.

Count V alleges that the Plaintiff was erroneously charged with assault with a firearm and illegally detained because there was no evidence of the Plaintiff's use of a firearm. "[A]ll § 1983 claims for wrongful pretrial detention—whether based on fabricated evidence or some other defect—sound in the Fourth Amendment." *Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019) (citing *Manuel v. City of Joliet*, 903 F.3d 667, 669 (7th Cir. 2018)). As a result, "the Fourth Amendment . . . is the source of the right in a § 1983 claim for unlawful pretrial detention, whether before or after the initiation of formal legal process." *Id*. Here, although the Plaintiff brings Count V under the Fifth and Fourteenth Amendments, Count V's allegations rest on "wrongful pretrial detention" or "false imprisonment." Therefore, the Court concludes that Count V is a claim for a Fourth Amendment violation; and for the same reasons given under Count I above, this claim is also barred by limitations.

Count VII alleges that the Hammond Police Department violated the Plaintiff's First Amendment right to express his concerns for his arrest and the proper handling of a handicapped man. "The First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." *Lavite v. Dunstan*, 932 F.3d 1020, 1031

---

[4] Although not discussed by the parties, the Court recognizes that as "a general rule[,] persons arrested without a warrant must receive a judicial determination of probable cause within 48 hours." *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006).

(7th Cir. 2019) (cleaned up). To the extent that the Plaintiff may be alleging a claim for First Amendment retaliation, "the statute of limitations clock begins to run . . . immediately after the retaliatory act occurred." *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). In this case, the alleged "retaliatory act" appears to be the Plaintiff's arrest, which occurred on March 3, 2020. As the Plaintiff filed his Complaint after the March 3, 2022 deadline, the First Amendment retaliation claim is barred by the statute of limitations.

Count VIII alleges that the Plaintiff was subjected to the deprivation and denial of "equal protection" under the law due to his race because a Hammond Police officer brandished his weapon even though the Plaintiff was unarmed. An Equal Protection claim "necessarily accrue[s] when the[] injuries occurred." *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017). Here, the alleged injury occurred on the date of the Plaintiff's arrest—March 3, 2020. Accordingly, the Plaintiff's Equal Protection claim expired on March 3, 2022, and thus is barred by the statute of limitations.

Count VI alleges that the Plaintiff was subjected to injury due to members of the Hammond Police Department failing to intervene to prevent the violation of his constitutional rights. "In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation." *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). When the "underlying constitutional violation . . . is [] time-barred . . . the derivative claim of a failure to intervene . . . is also time-barred." *Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016). Here, the Plaintiff's underlying claims for constitutional violations are time-barred, as discussed above. Accordingly, the Plaintiff's "failure to intervene" claim is also barred by the statute of limitations.

Also, although not addressed by the parties, the Plaintiff's Complaint alleges that misconduct was undertaken under the policy and practice of the Hammond Police Department, and it also alleges a failure-to-train police officers and jail employees amounting to deliberate indifference to constitutional rights. When the "execution of a government's policy or custom . . . inflicts the [constitutional] injury," the local government, such as the City of Hammond here, can be held liable under section 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To the extent that the Plaintiff's allegations may be for one or more *Monell* claims against the City of Hammond, a *Monell* claim would not survive where "the officer inflicted no constitutional harm." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *see Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2021) ("[The plaintiff] may move forward against the City only if her allegations plausibly assert that the City itself caused a constitutional violation."); *Tesch v. Cnty. of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998) ("A failure to train theory or a failure to institute a municipal policy theory requires a finding that the individual officers are liable on the underlying substantive claim."). Therefore, because the Plaintiff's constitutional claims are barred by the statute of limitations, so too are any *Monell* claims.

Based on the above, the claims brought under § 1983 against the Defendants are barred by the statute of limitations unless equitable tolling applies.

2.  *Equitable Tolling*

The Court next considers the Plaintiff's argument that he "was Hospitalized because of Covid 19, himself. Therefore, the Plaintiff, himself had no control over the Stagnation in being unable to respond and file his complaint in a more timely manner." Pl.'s Br. 2, ECF No. 32. "Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of

9

his claim." *Shropshear v. Corp. Couns. of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Prong two "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) (emphasis original).

The doctrine of equitable tolling does not save the Plaintiff's claims. The Seventh Circuit has noted that the COVID pandemic does not warrant equitable tolling when the litigant "does not explain why the pandemic prevented him from filing . . . timely." *Katz v. United States Dep't of Lab.*, 857 F. App'x 859, 864 (7th Cir. 2021). Here, the Plaintiff does not offer any explanation for why his hospitalization due to COVID-19 prevented him from filing timely. Therefore, his allegation of COVID-19 hospitalization does not warrant equitable tolling.

Because the Plaintiff's federal constitutional claims began to accrue in March 2020, expired in March 2022, and equitable tolling does not toll the applicable two-year statute of limitations, the Plaintiff's Complaint—filed in November 2022—is untimely. Accordingly, the Plaintiff has pled himself out of Court on statute of limitations grounds. Therefore, the Court grants the Defendants' Motion to Dismiss, dismissing Counts I, II, IV, V, VI, VII, and VIII brought under § 1983 against all Defendants with prejudice.

**B.     State Law Claims**

The only remaining claims in this lawsuit are the state law claims over which the Court has supplemental jurisdiction under 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court

has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). A court has discretion in deciding whether to relinquish jurisdiction pursuant to § 1367(c)(3). *See Zappa v. Gonzalez*, 819 F.3d 1002, 1006 (7th Cir. 2016). "When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) (citing *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999)). When deciding whether to retain jurisdiction, courts should consider judicial economy, convenience, fairness, and comity. *See Groce*, 193 F.3d at 501 (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). This Court has not engaged in any meaningful review of the merits of the state law claims and has not otherwise committed substantial judicial resources to them.

Therefore, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Because the Court grants the Defendants' Motion to Dismiss the federal claims and relinquishes jurisdiction over the remaining state law claims, the Court denies the Defendants' Motion to Strike [ECF No. 20] as moot.

**C.     Opportunity to Amend**

A court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss"). However, a court

should not grant leave to amend "where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). As discussed above, the Plaintiff's claims against the Defendants pursuant to his present federal claims are clearly time-barred. Any future amendments would be futile and the Plaintiff's federal claims in Counts I, II, IV, V, VI, VII, and VIII against all Defendants should be dismissed with prejudice.

## CONCLUSION

Accordingly, the Court hereby Court GRANTS in part and DENIES in part the Defendants' Motion to Dismiss [ECF No. 13].

The Court DISMISSES the federal claims in Counts I, II, IV, V, VI, VII, and VIII against all Defendants with prejudice as barred by the statute of limitations.

The Court RELINQUISHES jurisdiction over the remaining state law claims against all Defendants and DISMISSES without prejudice the state law claims in Counts I, II, III, IX, X, XI, XII, XIII, XV,[5] XVI, and XVII.

The Court DENIES AS MOOT the Defendants' Motion to Strike the Plaintiff's Filings Served on February 23, 2023 [ECF No. 20].

SO ORDERED on December 11, 2023.

       s/ Theresa L. Springmann
       JUDGE THERESA L. SPRINGMANN
       UNITED STATES DISTRICT COURT

---

[5] The Plaintiff does not allege a Count XIV.