UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARK A. GILL, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF HAMMOND, a political subdivision of the State of Indiana; Mayor THOMAS M. MCDERMOTT, Jr.; THE HAMMOND POLICE Dpt.; Chief of Police JOHN D. DOUGHTY; Responding Officers, Unit: <br> SHEET JA HA3P5 <br> RIORDAN J HAH56 <br> SARLEA J HA3P10 <br> HOWARD K HA3P6 <br> COOK E HAK2 <br> SCHMIDT M HAA4 <br> HEDGEPATH B HAA2 <br> WOODS JO HAK4 <br> HARGROVE T JA3S14 <br> MCGING G HAA7 <br> HORNYAK DA HAA12 <br> JAJOWKA S HAD25, <br><br> Defendants. | CAUSE NO.: 2:22-CV-327-TLS-JPK |

**OPINION AND ORDER**

The Court dismissed pro se Plaintiff Mark A. Gill's constitutional claims related to his March 23, 2020 arrest as barred by the applicable statute of limitations. *See* Op. & Ord., ECF No. 36. This matter is before the Court on the Plaintiff's Letter to Court Requesting For Reconsideration to Court[']s Opinion and Order [ECF No. 39], filed on January 31, 2024, which asks the Court to reconsider its December 11, 2023 Opinion and Order [ECF No. 36] granting in

part and denying in part the Defendants' Motion to Dismiss [ECF No. 13] his complaint. For the reasons set forth below, the Court denies the motion.

The Plaintiff does not identify the Federal Rule of Civil Procedure under which he brings this motion for reconsideration. However, the Court construes the motion as brought pursuant to Rule 59(e) because he appears to have made arguments for reconsideration based on equitable tolling and new evidence. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) ("[I]t is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed."). However, the motion is untimely because the Plaintiff did not file it within 28 days of judgment. *See* Fed. R. Civ. P. 59(e).[1]

Even if the motion was timely, "Rule 59(e) allows a court to alter or amend a judgment only if the [plaintiff] can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht*, 517 F.3d at 494. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "To support a motion for reconsideration based on newly discovered evidence, the moving party must show not only that this evidence was newly discovered or unknown to it until after the [decision], but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]." *Id.* at 1269 (cleaned up).

In this case, the Plaintiff has not cited any law or new evidence justifying reconsideration. Notably, the Plaintiff's § 1983 claims are subject to a two-year statute of limitations. *See Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) ("Claims brought under § 1983 are governed

---

[1] The record indicates that the Clerk of Court entered the judgment in this case on December 12, 2023, and the Plaintiff filed this motion 50 days later, on January 31, 2024. *See* ECF Nos. 37, 39.

2

by the statute of limitations for personal-injury claims in the state where the plaintiff's injury occurred."); Ind. Code § 34-11-2-4(a) (providing that, in Indiana, the applicable statute of limitations period for personal-injury claims is two years). The Plaintiff requests that "this Court reconsider the depth and magnitude of his Complaint, and the fact that [he] [is] a sickly senior in this City, who has suffered multiple Constitutional Violations by these defendants." Mot. 2, ECF No. 39.[2] The Plaintiff also says that he "was hospitalized because of Covid-19." *Id*. Assuming that the Plaintiff means to argue that the Court's order should be reconsidered based on equitable tolling, the Court already considered the applicability of equitable tolling in its Opinion and Order; thus, the Plaintiff appears to suggest that the Court made a manifest error of law in its ruling. However, the Plaintiff does not address a specific error of law or identify any other "extraordinary circumstance [that] stood in his way" of filing these claims earlier. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Thus, the Plaintiff has not established that this Court made a manifest error of law in ruling that his claims are time-barred.

The Plaintiff also requests that "because all those defendants who were present on the scene, were wearing body-cams, Your Honor, could you take out a few minutes, just a few minutes, review their footage, then make an assessment and ruling." Mot. 4. However, there is no indication that the body-cam footage from the Plaintiff's arrest on March 23, 2020, was unknown until after the Court's decision or could not have been discovered with reasonable diligence during the pendency of the motion to dismiss. Thus, the Plaintiff has not established that the body-cam footage is newly discovered evidence. Even if it were, the Plaintiff does not

---

[2] To the extent that for the first time, the Plaintiff alleges that the Defendants violated the Americans with Disabilities Act in the way the officers handled him on the date of his arrest, he presents no reason why he could not have raised this issue prior to the Court's decision; thus, the Court need not address it. *See Caisse Nationale*, 90 F.3d at 1269.

say that anything in the body-cam footage would change the Court's ruling that his claims are barred by the statute of limitations.

Accordingly, the Court hereby DENIES the relief requested in the Plaintiff's Letter to Court Requesting For Reconsideration to Court[']s Opinion and Order [ECF No. 39].

SO ORDERED on May 14, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT